[No. AO16491. First Dist., Div. One. Dec. 30, 1982.]

Estate of ROSE FLAGG, Deceased.
KENNETH CORY, as State Controller, Petitiioner and Appellant, v.
FRANCES FLAGG, Objector and Respondent.

## COUNSEL

Myron Siedorf, Edwin Rosenthal and John D. Schell for Petitioner and Appellant.

Tormey & Roesch and James R. Tormey, Jr., for Objector and Respondent.

## OPINION

RACANELLI, P. J.—On appeal by the State Controller from an order fixing inheritance tax, we consider the question of the proper computation for inheritance tax purposes of the survivor's contribution to acquired joint tenancy property under section 13671 of the Revenue and Taxation Code. For the reasons which we explain, we conclude the trial court erred in fixing the survivor's contribution at one-half of the value of the property.

The facts are uncontroverted. Rose Flagg and her husband purchased the subject residential property in 1957 for the sum of $16,500; a down payment of $12,500 was made and their daughter, Frances (who lived with her parents), agreed to make the monthly payments on the unpaid balance of $4,000.

Rose Flagg became sole owner as surviving joint tenant upon her husband's death later that year. In 1960, decedent created a joint tenancy in the property with Frances in recognition of the latter's discharge of the monthly loan payments.

Frances continued to live in the family residence with her mother and paid property taxes, insurance, maintenance costs and repairs, as well as other financial support for her mother. Frances understood that she would succeed to ownership of the residence in return for her financial assistance. (Frances concedes, however, that she would have supported her mother in any event.)

Following the death of Rose Flagg in May 1980, the inheritance tax referee determined for tax computation purposes the value of the joint tenancy to be

$127,500, and that Frances as the surviving joint tenant was entitled to a proportionate exclusion of $30,855 based upon her purchase price contribution.[1]

Frances filed objections to the inheritance tax referee's report arguing that all payments made by her in relation to the property and support of her mother should be considered in determining the amount of excludable contributions. The trial court implicitly agreed and found that Frances was entitled to an exclusion "credit" equal to one-half of the value of the property or $63,750. This appeal by the State Controller ensued.

## DISCUSSION

■   Upon the death of a joint tenant, the surviving tenant's acquisition of immediate ownership is deemed a transfer from the decedent subject to inheritance taxes. (Rev. & Tax. Code, § 13671.) Under the statute the tax incidents of joint tenancy property are based upon the portion of the consideration contributed by each joint tenant. (*Estate of Sperry* (1968) 258 Cal.App.2d 728, 730 [66 Cal.Rptr. 217].) Consequently, where the survivor furnished partial consideration for his interest, the survivor is entitled to an exclusion from taxation "proportionate to the consideration furnished by such survivor." (Rev. & Tax. Code, § 13672.)[2]

Since section 13671 essentially parallels the comparable federal estate tax provision (26 U.S.C. § 2040(a)), federal regulations and decisional law may be usefully consulted in interpreting the California statute. (See *Estate of Nunn* (1974) 10 Cal.3d 799, 805-806 [112 Cal.Rptr. 199, 518 P.2d 1151]; *Estate of McKenna* (1981) 118 Cal.App.3d 66, 77 [174 Cal.Rptr. 84].) Under the relevant federal regulations the value of joint tenancy property subject to taxation is the entire value except "that portion of the entire value of the property at the decedent's death . . . which the consideration in money or money's worth furnished by the other joint owner bears to the total cost of acquisition and capital additions." (26 C.F.R. § 20.2040-1(a)(2).)

---

[1]The exclusion represents the proportionate value attributable to Frances' contribution to the purchase cost, i.e., $4,000/$16,500 x $127,500, which results in a computed tax liability of $4,133.

[2]The statute provides in pertinent part: "Where two or more persons hold property in joint tenancy, . . . upon the death of one the right of each survivor to the immediate ownership or possession and enjoyment of the property is a transfer subject to this part to the same extent as though the property had belonged absolutely to the decedent and been devised or bequeathed by him to the survivor, except such part thereof as may be proved by the survivor to have originally belonged to him and never to have been received or acquired by the latter from the decedent for less than an adequate and full consideration in money or money's worth. Where such property or any part thereof, or part of the consideration with which such property was acquired, is shown to have been at any time acquired by the survivor from the decedent for less than an adequate and full consideration in money or money's worth, there shall be excluded only such part of the value of such property as is proportionate to the consideration furnished by such survivor."

At least one lower federal court has concluded that expenditures for the care, comfort and support of the decedent do not constitute consideration *in money or money's worth for acquisition* of joint tenancy property within the meaning of the regulation. (*Spaeder* v. *United States* (W.D.Pa. 1978) 478 F.Supp. 73, 79.) A similar conclusion is compelled herein. The Controller argues that the computation used by the inheritance tax referee comports with the related federal regulation. We agree. That is, Frances is entitled to an exclusion in value in proportion to her share of the consideration furnished for the purchase of the residence.

Frances' argument that her additional payments over the years (for property taxes, insurance, maintenance and repairs) should be considered as part of her total contribution toward the purchase price is without merit; those payments, though commendable, were not furnished as part of the *acquisition cost.* Frances' reliance on the rule that a joint tenant is entitled to contribution from his cotenants for taxes, insurance and the like is equally misplaced. While Frances arguably possessed a claim against her mother's estate for reimbursement of such charges, again such contribution cannot be transformed into one for the acquisition of the property.

Frances' companion argument—that the additional payments created a contractual obligation of her mother to convey the property precluding any attempted devise or bequest of Frances' inchoate interest in the property—misses the mark. Such conjectural claim of entitlement under theories of implied contract or constructive trust is not properly before us: Frances' claim of ownership and title to the property is as a surviving joint tenant. The narrow question on appeal does not concern title but rather the inheritance tax consequences of the resulting transfer.

In summary, we hold that in accordance with the statutory mandate of section 13671, Frances is entitled to an exclusion for purpose of taxation proportionate to her contribution to the purchase price as determined in the referee's report. (See fn. 1.)

The order is reversed with instructions to adopt the computation and fix taxes as determined in the report of the inheritance tax referee.

Elkington, J., and Newsom, J., concurred.